May it please the court. Good morning, your honors, opposing counsel. My name is Muhammad Ahmed. I represent Marquis Melton. I'd like to reserve two minutes of rebuttal time. You may, but you have to watch the clock because if you eat into it, you're gonna lose it. Yes, sir. Thank you. Your honors, on January 14th, 2024, Marquis Melton did the best he could do to take responsibility for his actions. He pled guilty to the charged conduct in the indictment of being a felon found in possession of a firearm. Four months later and before the sentencing, Mr. Melton withdrew an objection by way of a written submission to the court. He withdrew the objection that he had and admitted that he had committed the elements of the Missouri State Offense of Exhibiting. Despite taking those steps and despite the court stating on the record that it found Mr. Melton's explanation genuine yet mistaken, the district court nonetheless denied Mr. Melton two levels for accepting responsibility for his actions. The court stated that it did so because it believed Mr. Melton had no good faith basis for challenging the application of a cross-reference to an attempted robbery of a postal worker by way of 2K2.1C of the guidelines. As to that point, Mr. Melton appeals the district court's decision to apply the cross-reference to the robbery guideline because the government failed to carry its burden of a preponderance of the evidence that Mr. Melton had the specific intent to rob. Counsel, before you move on, I want to ask you about harmless error. So the district court said, and this was in the span of three sentences, so regardless of how I would have handled the objections or done the guidelines calculations, regardless of that, a very significant sentence is necessary. And then just moments later, within three sentences says, in any event, based on all the 3553 factors, the serious significant circumstances of offense, the court does believe that a sentence of 120 months is an appropriate sentence in this case. And then goes on to say it's sufficient but not greater than necessary. Usually you see harmless error statements by the district court all in one sentence, but this appears to be over the course of about four sentences. But my question for you is, to me, the plain reading of that is the district court said, regardless of all these other things, I want to get it in the same sentence anyways. I want to give you a chance to respond. Thank you, Your Honor. I understand the basis for your taking that position. However, it is my understanding that when a court means to impose the same sentence regardless, it will explicitly say, I would have imposed this same sentence regardless of whatever the objections were. And the court simply didn't do that in this instance. It did say, regardless of the objections, I think a significant sentence, very significant sentence is necessary. And then later it did impose the 120 months. But clearly, Your Honor, based on the 3553A sentencing factors, I am imposing a 120 month sentence. But Your Honor, clearly calculating a proper guideline is one of those 3553A sentencing factors. Also, the Supreme Court has said that basically sentencing guidelines, the proper calculation is the anchor for the judge's discretion. And so the anchor here was tainted by the improper calculation. All of that is true, but we do have cases where we say even if the guidelines calculation is tainted, it's harmless error if the district court says, look, I would have imposed this sentence. If I screwed up on this one part of the calculation, I still would have given the same sentence. Those cases do exist, Your Honor. But again, I do believe that magic language of this sentence would be imposed, the same sentence would be imposed, is what is necessary to establish harmless error. And that's simply not here. So let's go back to the two-level reduction. Essentially, the judge says that there's no good faith basis, right? The judge says that the reason that there's no good faith basis, at least in part, is that there's a factual dispute that is being asserted about whether or not Melton aimed the loaded gun at the post office, the postal official, and that with the intent of acquiring the package, right? And he denies that he pointed the gun at him, that he was just trying to get his package, right? And so why is that factual dispute not a sufficient contesting of the facts to show a lack of good faith? Because Your Honor, I believe primarily the district court focused on simply challenging the application of the guideline as its basis for withholding the acceptance. And so you don't think it's the facts that was important to him? He was not, he was just saying, when he said, I don't think you have a good faith basis for objecting to the cross reference, it wasn't about the factual dispute, it was about the legal implication? No, Your Honor, he was focusing on facts. And what the court literally said was, if you give me one second, Your Honor, I'll pull it up. The court stated, quote, it is hard for me to see how he can make a credible argument based on the evidence I've heard here today, even based on his admitting that he brandished the firearm. For what other purpose would there be to brandish the firearm, but to demand the package from the postal carrier? Unquote. So what I think happened is the district court ignored the illegal argument. And he was wrong to do so. Because intending to rob, intending to take the property of another is an element of the offense that they were trying to cross reference to. I think what he's saying is that the brandishing alone was sufficient to show that he intended to take possession of a package that actually was addressed to his deceased grandmother and was contraband. And I think he's putting the whole thing together and saying, I'm not sure that there's a good faith basis to make an objection. That could be one reading, Your Honor, but I do believe that in his explicit statement, he was making reference to the fact that... To the brandishing alone. The brandishing alone, and not the legal argument. Let me follow up with that, because I'm not even sure. I read the transcript a little bit differently than I think maybe both of you do, which is I wonder whether it's a reference to the denial of the acceptance of responsibility is a reference to Melton saying in the mail carrier's testimony, he is lying and it's fake. Now that is 100% inconsistent with taking responsibility. I mean, there's just no debate about that whatsoever. Because if you're saying the mail carrier is lying about his testimony, you're not accepting responsibility for your actions. And the prosecutor, as I understand, just talked about those two lines right before the district court made the acceptance of responsibility ruling. So given the district court, the benefit of the doubt, it's at least a reasonable reading of the transcript that that was the reason and not the legal argument. Your Honor, I would disagree respectfully. I think if the court who was sitting right there wanted to hinge his decision to withhold the responsibility levels, he would have said your conduct here, your outbursts, are the reason why you're showing you're not accepting responsibility. And the district court simply did not do that. Okay, so it doesn't make a difference in your mind that the prosecutor, I think, had just talked about your client's outbursts during court. The district court has to say, this is the reason why I'm denying the acceptance of responsibility. No, your Honor. I don't believe the fact that the prosecutor had pointed that out carries the day. And I do believe the district court, who was right there in the best shoes to see what was going on, expressed the reason why he withheld responsibility and did not mention those outbursts in the least. If you have no further questions, your Honor, I'll reserve the rest of my time. You may. Thank you. Ms. Lane, you may proceed when you're ready. Good morning. May it please the court. I'll start with the court's mention of harmless error. In this case, it is explicit in the court's statement that so regardless of how I would have handled the objections or done the guideline calculations, again, regardless of that, I would have imposed a very significant sentence. It is clear that the court imposed the sentence based on three facts. It imposed the sentence of 120 months based on the defendant's criminal history as it stated that you have a prior robbery first conviction, you spent a long time in the Department of Corrections, you were paroled in 2021, and this occurred in 2023. Two, that based on all the 3553A factors, and three, the serious significant circumstances of the offense. The language that the court imposed was explicit in that regardless of how the court handled the objections or done the guideline calculations, they would have imposed the same sentence. I agree with you that that's probably the better reading of the transcript. I'm not sure that's the only reading of the transcript. A very significant sentence could be 110 months and the district court ultimately settled on 120 months, or vice versa. Months don't matter. My only point is you could read that as a very significant sentence being something else, but then the 3553 factors led to a different sentence because you don't have that statement. You get 120 months no matter how you cut it, whether it's the guidelines range or the 3553, I come out the same way regardless. You don't really have that here. Yes, Your Honor. I would disagree in that I would state that when he says very significant sentence, he then immediately goes into explaining what that very significant sentence, the basis for it, and then wraps it up by saying what that very significant sentence is, which in this case is 120 months. Robbery is a crime against possession of property, not ownership. The ownership is not material, nor does it have an effect on the offense. To show property of another, it requires a showing that someone other than the defendant, Mr. Melton, held a right to possess the property in exclusion of Mr. Melton. The court has to look to see who has the greater right of possession of property. Is it Mr. Melton, or is it the Postal Service here? The general rule is you can't steal from yourself. That's the general common law rule. I get that. I get the government's argument, but he may be guilty of a lot of things, but can you really be guilty of stealing from yourself, assuming that's his package and not his deceased grandmother's? Again, Your Honor, the crime of robbery is against possession and not ownership. In this case, the law states for this statute under 2114, the Postal Service must be, or an agent of the Postal Service must be in lawful control, charge, or custody of the mail. That will always exist. Therefore, whether or not someone owns the property or not, the Postal Service has the sole authority to have custody over a parcel until it is delivered to the intended recipient. So if I go into the back of the postal truck and I see something with my name on it, I don't hold anybody up. I just grab the package. I'm now guilty of a federal crime? You do not have the lawful right to take out of the custody of the Postal Service any parcel. It is in the custody of the Postal Service, meaning they have full control of that parcel until it is delivered to the recipient, whether your name is on the parcel or not. Then why are there two crimes that criminalize exactly what you're arguing, but this one is different? So there's 18 U.S.C. 1708 and 18 U.S. 1702 that make the exact argument you're making, which is that he may have committed both of those crimes. He may have, what is one has entirely different language, the one that we're dealing with here, 18 U.S.C. 21, because you have to have the intent to rob or steal. So why have three statutes that, in your view, criminalize the exact same thing? Your Honor, we believe that this statute, 2114, specifically protects the postal carrier while they're in possession of mail matter and or anyone that is in possession of government, either money or other government property. The purpose of this is to protect the postal worker against the exact crime that Mr. Milton committed in this case, in that you cannot use force, threat, or any other violent way, in this case a handgun, to demand a parcel from the Postal Service. You have to wait until it is delivered to you and comes out of the matriculation of the postal system. So in your view, the fact that it was done by force with a gun, that makes it 2114 and it wouldn't be because those other things don't mention the use of force. Would he have committed those other crimes in your view? Yes, Your Honor. Yes, I would say he did because in this case, again, even if you apply the claim of right defense, there is no good faith basis that the defendant owned this property or had a belief that he owned this property. Again, the person's ownership rests with the sender, the addressee, or another designated person who has been given the authority to possess the property. That's a different argument. That's, I think, the argument I was trying to get you to make, which is, what if it had been addressed to him? Would he have still committed the 2114A? All the same facts. It's addressed to him. It's clearly his. Yes. He still would do it. Okay. So you're backing off that argument you just made then, it sounds like. No, what I'm saying is, if you were to apply this defense, it requires that there must be a good faith showing of ownership. There was no good faith show of ownership. I'm saying that this defense should never apply to 2114 because 2114 focused on the possessory. It protects the possessory interest, not ownership. Ownership has no impact when we're looking at 2114. If you use threats of violence or force to take a parcel that is in the possessory interest of the postal service, the postal service will always have the greater possessory interest in mail because the law gives them the sole right to have custody and control of it until it is delivered. Therefore, whether you own it or not, you cannot take it from the postal service because the law prohibits it. Aside from this law, again, the postal service has custody and control of mail until it is delivered. Again, even if the court were to apply this claim of right defense or believe that it could somehow be applied in 2114 context, this defendant had no good faith belief that he owned the property. One, because it contained illegal controlled substances. Two, because he was none of those persons in which could claim a right to it. Three, we know he knew he couldn't take the product because he didn't make a claim. He didn't go into the post office and make a legitimate claim that he had a right or authority to possess this product. He did it on the side of the road. He did it when he chased the postal worker to the post office and threatened everyone on the loading dock to give him the package because had he gone in the post office, it's not in his name he couldn't request it. He didn't send it. They would not have given him this property. We know, again, that he did not believe he had a legitimate right to possess it because the way in which the package was sent under deceptive practices and the way in which he attempted to take it. Again, we would state that he had no right to possess it because it contained illegal drugs. We'd ask the court to follow the courts in Virginia and in Maryland in which they say one cannot have a good faith belief that one has a legal right to recover contraband. To allow one to make such a defense would be to assist the participant in an illegal act in benefiting from their criminal activity which is clearly against public policy. Again, we would state that for all these reasons and the notions that the court has indicated that they would have imposed the same sentence regardless of how they handled the guideline calculation and objections and that a sentence of 120 months was appropriate based on the defendant's conduct in this case, we ask that the court follow. Let me ask you this. If we think that the belief as to the possessory right is relevant, why doesn't his subjective intent make a difference? You're right, it was addressed to somebody else but he may have believed, I've gotten the same package from the mail carrier however many times before. I don't know, that was in the record. Why isn't his subjective belief when it says intent to steal or rob relevant to trying to figure out whether or not he's committed that crime? Because it's not in good faith. It's not an honest belief. One could go into the store underage every day and be able to purchase beer from a cashier and on that day when they are carded and not allowed to do so, it doesn't mean because I got away with it every other day then I somehow have this subjective, lawful, right, good faith, subjective belief that I have this right. No, you knew when you went in every day before that, that you didn't have the right to possess the property. You just got away with it every other time. Thank you, Your Honor. Thank you. Mr. Ronnick. Thank you, Your Honors. Briefly, I'd like to point out that as to harmless error, it the government bears the burden of proving harmless error. And given the ambiguities that exist in the record, they simply can't carry that burden. As to the idea that Mr. Melton didn't have a good faith basis for believing he had an ownership interest in the parcel, P.O., the victim in this case's testimony, alone establishes that he did have a reasonable good faith belief. P.O. testified he had delivered that pack of packages to Mr. Melton over the course of three months, that he even took instruction from Mr. Melton as to where to place the packages if he wasn't around at the time of delivery. But, Your Honor, the good faith, his specific intent is the reason why this is even important, the ownership issue. Because he had the, he lacked, excuse me, he lacked the intent to take the property of another when he did these reprehensible actions, he did not display all the elements of the 2114A offense. And that's our position. Thank you. The matter is taken under advisement. Thank you for your briefing and arguments. The Court appreciates it and we'll get back to you in due course.